UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE PUTNAM COUNTY HUMANE SOCIETY,

    Plaintiff/Petitioner,

    -against-

LINDA NELSON,

    Defendant/Respondent,

------------------------------------------------------------------X

NOTICE OF REMOVAL

**07 CIV. 9892**

CIVIL ACTION NO.
07-2396(CLB)

TO: The Honorable Judges of the
United States District Court
For the Southern District of New York

Pursuant to 28 USC §§1441 and 1446, Defendant/Respondent, Linda Dezan Nelson [hereinafter "Nelson"], by and through her undersigned counsel, hereby files this Notice of Removal of the above captioned compulsory counterclaim and states the following upon information and belief:

1. On March 23, 2007, Plaintiff Nelson filed a Complaint seeking relief from several Defendants, including the Putnam County Humane Society Inc., based upon the clear and purposeful deprivation and violation, under color of state law, of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the New York State Constitution before this Honorable Court in the action captioned <u>Linda Dezan Nelson v. County of Putnam, et al.</u>, Civil No. 07-2396 (CLB) [hereinafter "the Federal Action"]; a copy of which is annexed hereto as Exhibit "A".

2. On April 5, 2007, Plaintiff Nelson filed a First Amended Complaint in the Federal Action; a copy of which is annexed hereto as Exhibit "B".

3. The Complaint and First Amended Complaint arises out of the Defendants' unconstitutional conduct commencing on July 9, 2006 when Defendant Dunn illegally entered Plaintiff Nelson's residence without a warrant leading to the seizure of Plaintiff's eleven (11) purebred Maltese dogs and criminal charges against the Plaintiff.

4. Defendants, Putnam Humane Society and its President, Barbara Dunn, thereafter sought to profit from their unconstitutional conduct by submission of a petition by an order to show cause to the Town of Kent Justice Court, State of New York, against Linda D. Nelson demanding security be posted in the sum of $33,757.89 representing payment to the Putnam Humane Society pursuant to Article 26 of the Agriculture and Markets Law §373(6). This petition is referred to in paragraphs 25 to 27 of the First Amended Complaint in the Federal Action and serve as a basis for relief in the Third and Fourth Causes of Action for abuse of process therein. (See, Exhibit "B").

5. The foregoing conduct by the Defendants gave rise to the Federal Action sounding in illegal search and abuse of process in violation of the Federal and State Constitutions.

6. On October 30, 2007, while the instant Federal Action and the Putnam County Humane Society's Petition in Town of Kent Justice Court remain pending, the Defendant, Putnam County Humane Society, commenced a second action against Plaintiff Nelson in the Supreme Court of the State of New York, County of Putnam, captioned The Putnam County Humane Society v. Linda Nelson, Index No. 2781/07 [hereinafter "the State Action"]; a true and correct copy of the Petition and Complaint in the State Action is annexed hereto as Exhibit "C".

7. The Defendant, Putnam County Humane Society's State Action is inclusive of its claims under the Agriculture and Markets Law §373 and further seeks title of the 11 dogs originally seized by the Defendants on July 10, 2006 as well as 3 puppies born thereto while the dogs were in the custody of the Putnam County Humane Society.[12]

8. Aside from other defects, it is clearly evident that the State Court Action is simply a compulsory counterclaim pursuant to Fed. R. Civ. P. 13 that the Defendant Putnam County Humane Society, should have filed in the previously filed Federal Action. It is also evident that the State Court Action is a deliberate attempt by Putnam County Humane Society to undermine this Honorable Court's jurisdiction in Civil No. 07-2396 as well as the Town of Kent Justice Court's jurisdiction over its previously filed Petition.

9. The State Court Action was filed on October 30, 2007. Thus, the instant Notice of Removal is being filed within thirty (30) days of the filing and receipt of the State Court Action Complaint. Copies of all pleadings filed in the State Court Action and their respective official English translations are attached to this Notice as follows: i) copy of the notice of petition and petition together with the summons and complaint as Exhibit C; and (ii) a copy of the Request for Judicial Intervention filed therein is annexed hereto as Exhibit "D". Plaintiff Nelson is not aware of any other pleadings or orders filed in the State Court Action.

---

[1] Notably, the Defendants Putnam County Humane Society and Dunn affirmatively concealed the existence of any newborn puppies from the Town of Kent Justice Court for approximately 1 year until forced to reveal the existence of same during a suppression hearing in August 2007. Even then, the Defendant Putnam County Humane Society only revealed the existence of 2, not 3, puppies and admitted it had subjected same to unnecessary surgical procedures without authority or consent.

[2] On November 5, 2007, the Town of Kent Justice Court dismissed 12 charges against Plaintiff Nelson related to 6 of the 11 dogs found upstairs at her residence; ordered the Putnam County Humane Society return these 6 dogs to Plaintiff Nelson; and, ordered the Putnam County Humane Society return the 2 newborn puppies known to exist to Plaintiff Nelson. The Putnam Humane Society has since publicly announced it will not comply with the directives of the Town of Kent Justice Court.

10. For the reasons set forth below, Plaintiff Nelson hereby serves Notice of Removal of the instant action pursuant to 28 U.S.C. §1441(a) and (b).

11. "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising from the Constitution, treatises or laws of the United States shall be removable without regard to the citizenship or residence of the parties.." 28 U.S.C. § 1441(b).

12. Jurisdiction for this action is based on 28 U.S.C. §1331 as this action is founded in Federal Law and arises under the laws of the United States. This Court also has jurisdiction under 28 U.S.C. § 1343(a) in that claims are asserted under laws providing for the protection of civil rights. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Federal Rule of Civil Procedure 13(a) provides that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

14. Defendant, Putnam County Humane Society's State Action arises out of the transaction and occurrence that is the subject matter of Plaintiff Nelson's claim.

15. Plaintiff Nelson has not filed any pleadings in the State Action.

16. A copy of this Notice of Removal and supporting papers is being served upon Defendant, Putnam County Humane Society.

17. A copy of this Notice of Removal and supporting papers is being filed with the Supreme Court of the State of New York, County of Putnam.

18.   Plaintiff Nelson does not waive and hereby expressly reserves any objections it may have to service, jurisdiction or venue, and any other defenses or objections to this action.

WHEREFORE, Plaintiff prays that the above referenced action pending against her in the Supreme Court of the State of New York, County of Putnam, be removed to this Court and for such other and further relief as this Court may deem just and proper.

Dated:  South Nyack, New York
        November 7, 2007

                                    Respectfully submitted,

                                    **FEERICK LYNCH MACCARTNEY PLLC**

                                    By: Mary E. Brady Marzolla (1077)
                                    Attorneys for Defendant
                                    96 South Broadway
                                    South Nyack, New York 10960
                                    (845) 353-2000