UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

LINDA DEZAN NELSON,

       Plaintiff,

        -against-                         Civ. No. 07-2396(CLB)

BARBARA DUNN, A/K/A BARBARA DEVOLVE,
IN HER INDIVIDUAL AND OFFICIAL CAPACITIES
AS DEPUTY SHERIFF OF THE PUTNAM COUNTY
SHERIFF'S DEPARTMENT AND PRESIDENT OF        **JURY TRIAL DEMANDED**
PUTNAM HUMANE SOCIETY, DONALD BLAINE
SMITH, SHERIFF OF PUTNAM COUNTY IN HIS
OFFICIAL CAPACITY, THE COUNTY OF PUTNAM,
PUTNAM COUNTY HUMANE SOCIETY, INC., A/K/A
PUTNAM HUMANE SOCIETY AND "JOHN DOES 1-5"

       Defendants.
------------------------------------------------------------------X

## PLAINTIFF'S FIRST AMENDED COMPLAINT

    The Plaintiff, Linda Dezan Nelson, by counsel, and for her First Amended

Complaint, respectfully states upon information and belief as follows:

### INTRODUCTION

    1.    This suit seeks relief from Defendants' clear and purposeful deprivation

and violation, under color of state law, of the Plaintiff's rights under the Fourth and

Fourteenth Amendments of the United States Constitution and the corresponding

provisions of the New York State Constitution. The Plaintiff is an individual citizen of

Putnam County who seeks declaratory relief and compensatory and punitive damages in

connection with Defendants' illegal, unauthorized, non-consensual and warrantless

search and malicious abuse of process. Defendants' actions, individually and

collectively, have resulted in the deprivation of Plaintiff's constitutional rights.

2.    The Plaintiff brings this action pursuant to 42 U.S.C. §1983; the Fourth and Fourteenth Amendments to the U.S. Constitution; Article I, Sections 6 and 12, and Article 13, Section 13 of the New York State Constitution. If successful, the Plaintiff is entitled to costs and attorneys' fees under 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. § 1331, in that claims are asserted under the laws of the United States, and under 28 U.S.C. § 1343(a), in that claims are asserted under laws providing for the protection of civil rights. This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367. Plaintiff also seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff' claims occurred in this district.

## PARTIES

5.    At all relevant times herein, Plaintiff, Linda Dezan Nelson, is and was a resident of the Town of Kent, City of Carmel, County of Putnam, State of New York.

6.    At all relevant times herein, Defendant, Barbara Dunn, is and was employed by the Defendant, County of Putnam, as a Deputy Sheriff, acting under color of law, and is sued in both her official and individual capacities.

7.    At all relevant times herein, Defendant, Barbara Dunn, is and was President of the Defendant, Putnam County Humane Society, Inc., responsible for all operations, administration and policy making, including the policies and procedures at

2

issue herein, acting under color of state law, intentionally and/or gross negligently, and is sued in both her official and individual capacities.

8.    At all relevant times herein, Defendant, Barbara Dunn, in her individual and official capacities as President of the Defendant, Putnam County Humane Society, Inc., joined the municipal Defendants in an exercise of official state authority.

9.    At all relevant times herein, Defendant, Donald Blaine Smith, is sued in his official capacity as   Sheriff of Putnam County, and head of the department responsible for the day-to day operations of the Putnam County Sheriff's Department, responsible for administration, policy making, including the policies and proceedings at issue and acting under color of state law.

10.    Defendant, County of Putnam, ("County") is a local municipal state government organized pursuant to the laws of the State of New York.

11.    At all relevant times herein, upon information and belief, Defendant, Putnam County Humane Society, Inc. a/k/a Putnam Humane Society (hereinafter "Putnam Humane Society" or "PHS"), is a not for profit corporation organized under the laws of the State of New York, for the purpose of preventing cruelty to animals.

12.    At all relevant times herein, Defendant Putnam Humane Society, joined the municipal Defendants in an exercise of official state authority and acted under color of state law.

13.    At all times relevant herein, the Defendants "John Does 1-5" are persons whose names are unknown, but are employed by and/or associates of the Defendant County and/or the Defendant Humane Society and were involved in the matters hereinafter set forth.

## BACKGROUND

14.    At all times relevant herein, upon information and belief, the Defendant Putnam Humane Society receives and is dependent upon funding and financial support from the Defendant County.

15.    At all times relevant herein, upon information and belief, the Defendant County contracts with the Defendant Putnam Humane Society to provide various shelter related services.

16.    Upon information and belief, in or about July 2006, the Defendant, County, indicated that its contract with Defendant Putnam Humane Society would not be renewed and, in view of possible budget cuts, asked all agencies seeking County funding to justify their budgets.

17.    Upon information and belief, in response thereto, in or about July, 2006, Defendant Putnam Humane Society circulated a petition directed to Putnam County Executive Robert Bondi stating that "PHS desperately needs this contract because [the County] funds 1/4 of [the PHS] expense budget based on 2005 figures".

18.    Upon information and belief, in July 2006 and while the determination to renew the County's contract with the Putnam Humane Society was pending, Defendant Dunn, in her capacity as Deputy Sheriff, formulated a plan to justify continued County funding and initiated and/or participated in several separate cases in the furtherance thereof, alleging animal neglect and involving seizures of multiple animals including the underlying case against the Plaintiff.

19.    Upon information and belief, Defendants acting individually and in collaboration, illegally searched Plaintiff's property, falsified and materially misstated

4

facts in an application for a search warrant filed in local Justice Court, omitted relevant and material facts pertaining to the incompatibility of the public and private responsibilities of the search warrant applicant, induced a local magistrate to issue a search warrant based on the application filed, seized Plaintiff's property, to wit, 11 pedigree dogs, impounded the property and filed charges alleging animal cruelty against Plaintiff.

20.    At all relevant times herein, in accordance with customary practice and proceeding, the Defendant Putnam Humane Society took custody and control of any and all animals seized in cases involving allegations of cruelty to animals.

21.    At all relevant times herein, Defendant Dunn knew that Defendant Putnam Humane Society took custody and control of any and all animals seized by the Defendant Sheriff Department in such cases including the Plaintiff's.

22.    Upon information and belief, Defendant Dunn in her capacity as President of the Putnam Humane Society personally solicited the Defendant County's continued funding of the Defendant, Putnam Humane Society.

23.    Upon information and belief, in July 2006 and while the determination to renew the County's contract with the Putnam Humane Society was pending, Defendant Putnam Humane Society and Defendant Dunn in her capacity as President of the Putnam Humane Society engaged in a publicity campaign involving the aforementioned cases which continued until the County agreed to renew subject contract, with County funding in tact.

24.    After the illegal search and seizure of Plaintiff's property, the Defendants announced the criminal charges, publicized their conduct and vilified Plaintiff in various

local and national news outlets, obstensibly because she had committed acts of animal cruelty.

25.    Upon information and belief, the Defendant Putnam Humane Society derives a direct benefit by and through the conduct Deputy Sheriff Dunn, who has recently submitted a petition in her capacity as the President of the Putnam Humane Society to the Town of Kent Justice Court, State of New York, demanding the Plaintiff post security in the sum of $33,757.89 covering future payment to the Defendant Putnam Humane Society, allegedly pursuant to Article 26 of the New York State Agriculture and Markets Law, §373(6), for the reasonable expenses of the PHS in of the caring and providing for the Plaintiff's animals that were illegally seized from Plaintiff's home.

26.    On March 26, 2007, Defendant Dunn in her capacity as President of Putnam Humane Society appeared at a hearing in support of the aforesaid petition a the Town of Kent Justice Court, State of New York.

27.    On March 26, 2007, Defendant Dunn appeared at said hearing in full uniform and testified she was working at that moment for the County and was being paid overtime by the Putnam County Sheriff's Department during her appearance thereat, despite the fact that she was pursuing the petition as President of the Putnam Humane Society.

28.    At all times relevant herein, New York State Not-For-Profit Corporation Law §717 imposes a fiduciary duty upon officers, including Defendant Dunn, to act in good faith and requires the officer's loyalty to the corporation.

29.    At all times relevant herein, upon information and belief, New York State Not-for Profit Corp. Law §1403(b)(2) authorizes the Defendant Putnam Humane Society

to prefer a complaint for the violation of any law relating to or affecting the prevention of cruelty to animals, including that related to the posting of security for the care and provision of animals during the pendency of any criminal prosecution and New York State Agriculture Markets Law §373(6)(b) provides for an application for security upon arraignment and for immediate forfeiture of the animals to said humane society.

30.    In contrast, at all relevant times herein, Defendant Putnam County Sheriff is a constitutional official whose office is created under authority of the Constitution of the State of New York for performance of public duties and the Sheriff's Department is organized under authority of the State of New York to assist him in the fulfillment of his public duties.

31.    At all times relevant herein, Defendant Dunn in her capacity as Deputy Sheriff was responsible for the performance of public duties and could not operate a part-time business or entity that was incompatible with public duties or which could create a hazard of potential abuse of public office.

32.    At all times relevant herein, the dual loyalties created by Defendant Dunn's simultaneous service as Deputy Sheriff and President of the Putnam Humane Society resulted in an incompatibility of office and potential hazard of abuse of office.

33.    At all times relevant herein, the common law prohibited public officers from holding a part-time position of employment, whether paid or otherwise, that is incompatible with public responsibilities and/or that create a hazard of potential abuse of office.

34.    At all relevant times herein, Putnam County Code Chapter 55, Code of Ethics provides that "[t]he proper administration of the government of the County of

Putnam requires its municipal officers and employees, whether elected or appointed, paid or unpaid, including any members of administrative boards, commissioners or other agencies, to be impartial and free from conflicts of interest in fulfilling their public responsibilities"; a copy of which is annexed hereto as Exhibit "A".

## HISTORY OF DISPUTE

35.    In and about July 2006, and at all relevant times herein, Plaintiff resided at the premises commonly known as 1241 Peekskill Road, Town of Kent, County of Putnam, State of New York, (hereinafter the "subject premises").

36.    In and about July 2006, and at all relevant times herein, the subject premises consist of a two story yellow sided colonial style single family home situated on 2.89 acres of property.

37.    In and about July 2006, and at all relevant times herein, Plaintiff was the owner and/or co-owner of ten (10) purebred AKC registered maltese dogs and caretaker of one (1) other purebred AKC registered maltese dog (hereinafter "the dogs"), which also resided at the subject premises.

38.    In and about July 2006, and at all relevant times herein, Plaintiff had a reasonable expectation of privacy in the subject premises.

39.    Upon information and belief, on or about July 9, 2006, at 1234 HRS, Deputy Bradley of the Putnam County Sheriff's Department entered the private property of the subject premises without a warrant or consent of the Plaintiff.

40.    Upon information and belief, on or about July 9, 2006, at 1234 HRS, Deputy Bradley of the Putnam County Sheriff's Department claims to have made certain observations through the windows of the private residence at the subject premises.

41.    Upon information and belief, on or about July 9, 2006, at 1810 HRS, Deputy Dunn of the Putnam County Sheriff's Department entered the private property of the subject premises without a warrant or consent of the Plaintiff.

42.    Upon information and belief, on or about July 9, 2006, at 1810 HRS, Deputy Dunn claims to have made certain observations through the windows of the private residence at the subject premises.

43.    Upon information and belief, on or about July 9, 2006, at 1810 HRS, Deputy Dunn claims to have posted a notice on the door of the private residence at the subject premises.

44.    Upon information and belief, on or about July 9, 2006, at 2008 HRS, Deputy Dunn of the Putnam County Sheriff's Department entered the private property of the subject premises without a warrant or consent of the Plaintiff.

45.    Upon information and belief, on or about July 9, 2006, at 2008 HRS, Deputy Dunn claims to have made certain observations through the windows of the private residence at the subject premises and found the alleged conditions to be unchanged from her earlier observation.

46.    On or about July 9, 2006, at 2314 HRS, Deputy Dunn of the Putnam County Sheriff's Department entered the private property of the subject premises without a warrant or consent of the Plaintiff, together with at least two other officers and/or associates of the Putnam Humane Society, "John Does 1-5".

47.    On or about July 9, 2006, at 2314 HRS, Deputy Dunn and at least two other officers and/or associates of the Putnam Humane Society, "John Does 1-5", entered the private residence at the subject premises without a warrant or consent of the Plaintiff.

48.     On or about July 9, 2006, at 2314 HRS, Deputy Dunn and at least two other officers, and/or associates of the Putnam Humane Society, "John Does 1-5", conducted a search of the private residence at the subject premises without a warrant or consent of the Plaintiff.

49.     On or about July 9, 2006, at 2314 HRS, no exigent circumstances or other exceptions to the requirement for a search warrant applied to Deputy Dunn's and the other officers' illegal, unauthorized, and non-consensual entrance and search of the private residence at the subject premises.

50.     At all times prior to and during the aforementioned entry and search of the Plaintiff's private residence on July 9, 2006 at 2314 HRS, the law as to the requirements for the entry and search of private residences, including the Plaintiff's, was well settled and known and/or should have been known by the Defendants.

51.     At all times prior to and during the aforementioned entrance and search of the Plaintiff's private residence on July 9, 2006 at 2314 HRS, the law as to the requirement for search warrants and the exceptions thereto was well settled and known and/or should have been known by the Defendants.

52.     On July 9, 2006, the Plaintiff was not at the subject premises at any of the times Defendants presented thereto.

53.     On July 9, 2006, at all times prior to 2314 HRS, Defendants did not have a search warrant pertaining to the subject premises.

54.     On July 9, 2006, at all times prior to 2314 HRS, Defendants made no application for a search warrant pertaining to the subject premises.

55.     On July 9, 2006, at all times prior to 2314 HRS, Defendants knew that a search warrant pertaining to the subject premises was required to enter the private residence.

56.     On July 9, 2006, at all times prior to 2314 HRS, Defendants knew that there were no exigent circumstances or any other applicable exceptions to the requirement for a warrant prior to entering the private residence at the subject premises as aforesaid.

57.     Knowing that a search warrant was required and that there were no exigent circumstances, Defendants left the subject premises after illegally entering same and thereafter applied for a search warrant on July 10, 2006 to mask the discovery of illegally acquired evidence with judicial authority.

58.     Upon information and belief, the primary motive of the Defendants' entry and search of the private residence on July 9, 2006 was to gather evidence.

59.     The only action taken by the Defendants upon entering the private residence on July 9, 2006 was a search thereof.

60.     No purported emergency situation was served, resolved, and/or attempted to be resolved by Defendants' actions in illegally entering and searching the private residence on July 9, 2006.

61.     The Defendants' actions on July 9, 2006 in illegally entering and searching the private residence were not necessary to resolve any purported emergency situation.

62.    Upon information and belief, upon departing from the private residence, Defendants stationed officers and/or associates of the Putnam Humane Society at the street entrance at the subject premises to freeze the site.

63.    On or about July 10, 2006, only after previously entering and searching the private residence as aforementioned, Defendant County and Deputy Dunn applied to the Justice Court, Town of Kent, County of Putnam, State of New York, for a search warrant pertaining to the subject premises alleging that Plaintiff was committing criminal acts of cruelty to animals.

64.    The Defendants' July 10, 2006 application for the search warrant stated Defendant, Dunn, observed the conditions stated therein "through the window"

65.    The Defendants' July 10, 2006 application for the search warrant intentionally omitted and never informed the Justice Court that Defendants had previously entered and searched the two story residence at the subject premises without consent or a warrant on July 9, 2006.

66.    The Defendants' July 10, 2006 application for the search warrant misrepresented relevant and material facts to the Justice Court by impermissibly intermixing facts discovered by observations allegedly from outside the residence with those gathered from the illegal entries and searches.

67.    The Defendants' July 10, 2006 application for the search warrant intentionally omitted and never informed the Justice Court that Defendant Dunn was acting as a Deputy Sheriff with a full understanding and belief that the invalid approval of the search would lead to the seizure of the animals located at the subject premises and

their impound at the Putnam Humane Society and the eventual application for security and forfeiture to the benefit of the Putnam Humane Society.

68.     The Defendants' July 10, 2006 application for the search warrant omitted mention of the incompatibility of Deputy Dunn's public and private responsibilities and the hazard of potential abuse of office.

69.     On or about July 10, 2006, the Hon. Joseph Esposito, Sr., Town Justice, Town of Kent, County of Putnam, State of New York, granted the Defendants' July 10, 2006 application and signed the search warrant.

70.     Upon information and belief, the Defendants' July 10, 2006 application for the search warrant was granted, at least in part, based upon information ascertained by the Defendants as a result of the illegal, unauthorized, non-consensual and warrantless search of the subject premises on July 9, 2006.

71.     Upon information and belief, the Defendants July 10, 2006 application for the search warrant was granted upon misrepresentation of relevant and material facts and the omission of mention of the incompatibility of  offices and hazard of potential abuse office to the Justice Court.

72.     Upon information and belief, on July 10, 2006, while armed with the search warrant the Defendants again entered and again searched the residence.

73.     Upon information and belief, on July 10, 2006, the Defendants returned to the subject premises and seized Plaintiff's eleven (11) dogs and various paperwork pertaining to Plaintiff's dogs, including champion certificates, registrations, and certified American Kennel Club pedigrees.

74.    The aforesaid seizure was, at least in part, based upon information ascertained by the Defendants as a result of the illegal, unauthorized, non-consensual and warrantless search of the subject premises on July 9, 2006 and the fruits of the poisonous tree resulting therefrom.

75.    The aforesaid seizure resulted from Defendants' aforementioned misrepresentations and omissions to the Justice Court in the warrant application.

76.    Upon information and belief, on or about July 14, 2006, the Defendants charged the Plaintiff with Animal Cruelty, a class A misdemeanor, in violation of Section 353 of the Agriculture and Markets Law of the State of New York, and Animal Abandonment, a misdemeanor, in violation of Section 355 of the Agriculture and Markets Law of the State of New York.

77.    The aforesaid charges were based upon information ascertained by the Defendants as a result of the illegal, unauthorized, non-consensual and warrantless search of the subject premises on July 9, 2006 and the fruits of the poisonous tree resulting therefrom.

78.    The aforesaid charges were resulted from Defendants' aforementioned misrepresentations and omissions to the Justice Court in the warrant application.

79.    The aforesaid charges are pending in Justice Court.[1]

80.    The Defendants have not returned and remain in possession of the eleven dogs and/or paperwork seized on July 10, 2006 to date.

---

[1] This action seeks money damages and does not seek to enjoin the ongoing criminal proceeding in Justice Court.

81.    The Defendants denied Plaintiff and Plaintiff's veterinarian access to the dogs and confirmation of the dog's whereabouts from the date seized July 10, 2006 to November 2, 2006 and again from November 2, 2006 to date.

82.    By petition dated December 30, 2006, Defendant Dunn, in her capacity as President of the Putnam Humane Society, submitted a petition in an Order to Show Cause application to the Town of Kent Justice Court, State of New York, against Linda D. Nelson, demanding that security be posted in the sum of $33,757.89 representing future payment to the Defendant, Putnam Humane Society, pursuant to Article 26 of the New York State Agriculture and Markets Law, Section 373(6), for the allegedly reasonable expenses of caring and providing for the animals during the pendency of the criminal action.

83.    On March 26, 2007, at a hearing on the aforesaid petition in the Justice Court, Defendant Dunn and the Putnam Humane Society requested that the Court order Plaintiff, Linda D. Nelson, to post the full security, and further requested that if the Plaintiff did not post said security within five (5) days that the animals be immediately forfeited to the Putnam Humane Society pursuant to Article 26 of the New York State Agriculture and Markets Law, Section 373(6).

84.    On March 26, 2007 at the hearing on the aforesaid petition in the Justice Court, Defendant Dunn appeared in her Deputy Sheriff's uniform while at work for the Sheriff and made the petition to post the full security and, in the event of a failure to post within five days that the animals be forfeited to the Putnam Humane Society.

85.    Defendant Dunn's application for payment of $33,757.89 and the forfeiture of the animals to the Defendant, Putnam Humane Society, is the direct result of

Defendant Dunn's conduct in her capacity as Deputy Sheriff as aforesaid on July 9 and July 10, 2006.

86.    Upon information and belief Defendant Dunn used and continues to use her power as Deputy Sheriff, public property and personnel, and confidential information acquired by her in the course of her official duties to secure benefits and privileges for the Defendant Putnam Humane Society.

87.    Upon information and belief, Defendant Dunn's aforementioned conduct raises suspicion among the public that she is likely to be engaged in acts that are in violation of her trust and presents the hazard of abuse of office.

88.    Upon information and belief, on July 9 and July 10, 2006, and continuing to date, Defendant, Dunn, acted with the intent and purpose of using her position as Deputy Sheriff to promote the financial well-being, financial gain, publicity and/or benefit of the Defendant Putnam Humane Society.

89.    Defendant Putnam Humane Society and Defendant Dunn in her capacity as President of Putnam Humane Society had a direct interest and benefit in the outcome of Dunn's conduct as Deputy Sheriff.

90.    Upon information and belief, the Defendant Dunn, on July 9 and July 10, 2006, and continuing to date, Defendant Dunn used her position and power as Deputy Sheriff to promote the financial well-being, financial gain, publicity, and/or benefit of the Defendant Putnam Humane Society.

91.    Upon information and belief, Defendant, Dunn's conduct as aforesaid is part of a persistent and/or widespread practice which constitutes Defendants' custom or usage with the force of law.

16

92.    Upon information and belief, the aforesaid conduct was proximately caused by Defendant County and Defendant Sheriff's Department's failure to supervise and/or adequately supervise its uniformed officers.

93.    In taking all actions alleged in this Complaint, Defendants acted intentionally, gross negligently, and with deliberate indifference to the Plaintiff's federally protected civil rights and pursuant to a formally adopted policy.

94.    As a result of the Defendants' aforesaid conduct, Plaintiff has suffered and continues to suffer the effects of Defendants' violation of her constitutional rights and has been harmed thereby.

## FIRST CAUSE OF ACTION

95.    Plaintiff restates, as if fully rewritten herein, each and every relevant claim, allegation and assertion set forth in Paragraphs "1" through "94" of this Complaint.

96.    The Fourth Amendment of the United States Constitution guarantees all persons, including the Plaintiff, the right to be secure in her person and house against unreasonable searches and seizures.

97.    Entry and search of Plaintiff's residence without a warrant and/or consent is per se unreasonable.

98.    None of the exceptions to the warrant requirement prior to entering and searching Plaintiff's home applied herein.

99.    No exigent circumstances existed which would preclude the warrant requirement prior to entering and searching Plaintiff's residence applied herein.

100.    The foregoing constitutes clearly established statutory or constitutional rights of which a reasonable person, and the Defendants, would have known.

101    By entering Plaintiff's residence and searching her residence without a warrant and/or consent, Defendants have violated and will continue to violate the rights of the Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution and 42 USC §1983 .

102    In taking all actions alleged in this Complaint, Defendants acted under color of state law, pursuant to a formally adopted policy, and with deliberate indifference and/or callus indifference to the Plaintiff's federally protected rights.

103.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to her civil rights

## SECOND CAUSE OF ACTION

104    Plaintiff restates, as if fully rewritten herein, each and every relevant claim, allegation and assertion set forth in Paragraphs "1" through "103" of this Complaint.

105.    Article I, Section 12 of the New York State Constitution guarantees all persons, including the Plaintiff, the right to be secure in her person and house against unreasonable searches and seizures.

106.    Entry and search of a home without a warrant and/or consent is per se unreasonable.

107.    None of the exceptions to the warrant requirement prior to entering and searching Plaintiff's home applied herein.

18

108.   No exigent circumstances existed which would preclude the warrant requirement prior to entering and searching Plaintiff's home applied herein.

109.   The foregoing constitutes clearly established statutory or constitutional rights of which a reasonable person, and the Defendants, would have known.

110.   By entering Plaintiff's residence and searching her residence without a warrant and/or consent, Defendants have violated and will continue to violate the rights of the Plaintiff under the New York State Constitution.

111.   In taking all actions alleged in this Complaint, Defendants acted under color of state law, pursuant to a formally adopted policy, and with deliberate indifference to the Plaintiff's rights.

112.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to her civil rights.

## AS AND FOR A THIRD CAUSE OF ACTION

113.   Plaintiff restates, as if fully rewritten herein, each and every relevant claim, allegation and assertion set forth in Paragraphs "1" through "112" of this Complaint.

114.   The Fourteenth Amendment of the United States Constitution guarantees all persons, including the Plaintiff, due process of law.

115.   Defendants improperly employed and used criminal process against Plaintiff, Linda Nelson, in order to obtain a collateral objective that is outside the legitimate ends of the process.

116.    By reason of the foregoing, Defendants have violated and continue to violate the rights of the Plaintiff under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

117.    In taking all actions alleged in this Complaint, Defendants acted under color of state law, pursuant to a formally adopted policy, and with deliberate indifference and/or callous indifference to the Plaintiff's federally protected rights.

118.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to her civil rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

119.    Plaintiff restates, as if fully rewritten herein, each and every relevant claim, allegation and assertion set forth in Paragraphs "1" through "118" of this Complaint.

120.    Article I, Section 6, of the New York State Constitution guarantees all persons, including the Plaintiff, due process of law.

121.    Article 13, Section 13, of the New York State Constitution and common law precludes a Sheriff and Deputy Sheriff from holding a position of employment public or private, paid or not, that is incompatible with public office so that one person holding both could not fully and  faithfully discharge the duties of each, and creates a hazard of abuse of office.

122.    Defendants improperly employed and used criminal process against Plaintiff, Linda Nelson, in order to obtain a collateral objective that is outside the legitimate ends of the process.

20

123.   By reason of the foregoing, Defendants have violated and continue to violate the rights of the Plaintiff under Article I, Section 6, and Article 13, Section 13, of the New York State Constitution and the common law.

124.   In taking all actions alleged in this Complaint, Defendants acted under color of state law, pursuant to a formally adopted policy, and with deliberate indifference and/or callous indifference to the Plaintiff's constitutionally protected rights.

125.   As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to her civil rights.

## AS AND FOR A FIFTH CAUSE OF ACTION

126.   Plaintiff restates, as if fully rewritten herein, each and every relevant claim, allegation and assertion set forth in Paragraphs "1" through "125" of this Complaint.

127.   The Defendant Dunn, the County Defendants, and the Putnam Humane Society Defendants, acted in concert, agreed and conspired to deprive Plaintiff of her rights under the Fourth and Fourteenth Amendments of the United States Constitution.

128.   As a direct and proximate result of Defendants' conduct, Plaintiff has been injured and continues to suffer injury a distinct and actual injury to her civil rights.

## DEMAND FOR JURY TRIAL

129.   The Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands Judgment as follows:

A.     For a judgment declaring Defendants' actions unconstitutional as set out in the First, Second, Third, Fourth and Fifth Causes of Action;

B.    For a judgment awarding compensatory damages against the Defendants, jointly and severally, in an amount to be determined at trial, but in no event less than $5,000,000.00;

C.    For a judgment awarding punitive damages against the individual Defendants in an amount to be determined at trial, but in no event less than $5,000,000;

D.    For an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

E.    For such other and further relief as this Court may deem just and proper.

Dated:  South Nyack, New York
         April 5, 2007

                              Respectfully submitted,

                              FEERICK LYNCH MACCARTNEY PLLC


                              By: Mary E. Brady Marzolla (1077)
                              Attorneys for Plaintiff
                              96 South Broadway
                              South Nyack, New York 10960
                              (845) 353-2000

**EXHIBIT A**

# Chapter 55

## ETHICS, CODE OF

§ 55-1.   Purpose and intent.

§ 55-2.   Definitions.

§ 55-3.   Standards of conduct.

§ 55-4.   Equality of treatment.

§ 55-5.   Suit against County of Putnam.

§ 55-6.   Testimony.

§ 55-7.   Distribution.

§ 55-8.   Putnam County Board of Ethics.

§ 55-9.   Penalties for offenses.

§ 55-10.  Severability; construal with statute.

[HISTORY: Adopted by the Legislature of the County of Putnam 7-8-1983. Amendments noted where applicable.]

## § 55-1. Purpose and intent.

Pursuant to the provisions of § 806 of the General Municipal Law, the Legislature of the County of Putnam recognizes that there are rules of ethical conduct for public officers and employees which must be observed if a high degree of moral conduct is to be obtained and if public confidence is to be maintained in our local unit of local government. It is the purpose of this chapter to promulgate these rules of ethical conduct for the officers, appointees and employees of the County of Putnam. The proper administration of the government of the County of Putnam requires its municipal officers and employees, whether elected or appointed, paid or unpaid, including any members of administrative boards, commissions or other agencies, to be impartial and free from conflicts of interest in fulfilling their public responsibilities. The purpose of this chapter is to state for those municipal officers, employees or appointees of the County of Putnam, and for the citizens of the county, standards of conduct necessary to assure this, in addition to the standards prescribed in Article 18 of the General Municipal Law.

## § 55-2. Definitions.

As used in this chapter, the following terms shall have the meanings indicated:

COUNTY AGENCY — Any Putnam County department or division, board, commission or bureau of any Putnam County department.

INTEREST — A direct or indirect pecuniary or material benefit accruing to a municipal officer or employee as the result of a contract with the municipality which such officer or employee serves. For the purposes of this chapter a municipal officer or employee shall be deemed to have an interest in the contract of:

A.   His or her spouse, minor children and independents, except a contract of employment with the municipality which such officer or employee serves;

B.  A firm, partnership or association of which such officer or employee is a member or employee;

C.  A corporation of which such officer or employee is an officer, director or employee; and

D.  A corporation any stock of which is owned or controlled directly or indirectly by such officer or employee.

MATERIAL INTEREST — Any interest, as defined above, exclusive of those interests excepted under § 802 of the General Municipal Law.

MUNICIPAL OFFICERS AND EMPLOYEES — Whether elected or appointed, paid or unpaid means an officer or employee of the County of Putnam, whether paid or unpaid, including members of any administrative board, commission or other agency thereof. When used in this chapter, and unless the context otherwise requires, the words defined in § 800 of Article 18 of the General Municipal Law shall have the meaning herein stated. No person shall be deemed to be a municipal officer or employee solely by reason of being a volunteer fireman or civil defense volunteer, except a fire chief or assistant fire chief.[1]

## § 55-3. Standards of conduct.

Every municipal officer or employee of the County of Putnam shall be subject to and abide by the following standards of conduct:

A.  Conflicts of interest prohibited.

(1) No municipal officer or employee shall participate in the consideration of, vote on or administer a matter in which he or she has any material interest.

(2) No municipal officer or employee shall engage in a business or transaction or have an interest which is prohibited by Article 18 of the General Municipal Law of the State of New York nor shall such person have an interest in any contract which is prohibited by Article 18 of the General Municipal Law of the State of New York.

(3) Every municipal officer and employee shall disclose publicly, in writing, to the Putnam County Legislature any material interest he or she has in any legislation before the Putnam County Legislature, as soon as he or she has knowledge of such material interest. Every such written disclosure shall be made part of and set forth in the official record of the proceedings of the Putnam County Legislature. Every municipal officer and employee shall also disclose publicly any conflict of interest as and to the extent required by § 803 of Article 18 of the General Municipal Law of the State of New York.

(4) A municipal officer or employee may not receive or enter into any agreement, expressed or implied, for compensation for services to be rendered in relation to any matter before any Putnam County agency of which he or she is an officer, member or employee or of any Putnam County agency over which he or she has jurisdiction or to which he or she has the power to appoint any member, officer or employee, unless

---

[1]  Editor's Note: Amended at time of adoption of Code (see Ch. 1, General Provisions, Art. I).

such interest is disclosed in writing to the Clerk of the Legislature, and provided that such interest in not in conflict with the proper discharge of his or her official duties.

(5) A municipal officer or employee may not receive or enter into any agreement, expressed or implied, for compensation for services to be rendered in relation to any Putnam County agency whereby his compensation in to be dependent or contingent upon any action by such agency with respect to such matter, unless the fee to be received by such person is based upon the reasonable value of the services rendered, and provided that such action is not in conflict with the proper discharge or such person's official duties.

(6) No person who has served as a municipal officer or employee of a County agency shall, within a period of two years after the termination of such service or employment, appear before any board or agency of Putnam County or receive compensation for any services rendered on behalf of any person (other than for himself or herself), firm, corporation or association in relation to any case, proceeding or application with respect to which such person was directly concerned or in which he or she personally participated during the period of his or her service of employment or which was under his or her active consideration.

B. Use of public property. No County municipal officer or employee of the County of Putnam shall use or permit the use of County property (including land, vehicles, equipment, materials and/or any other property) for personal convenience or profit; except when such use is available to County citizens generally or is provided as a condition of County employment or as a matter of County policy.

C. Confidential information. No municipal officer or employee shall disclose confidential information acquired by him or her in the course of official duties or use such information to further his or her personal interest or use for profit of himself or herself or others, information about the property, affairs, finances or government of the County of Putnam that is not generally available to the public, exclusive of information available to the public under the Freedom of Information statutes.

D. Gifts. No municipal officer or employee shall, directly or indirectly, solicit any gift or accept or receive any gift having a value of $75 or more whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be expected to influence him or her in the performance of his or her official duties or was intended as a reward for any official action on his or her part. [Amended 12-3-2002 by L.L. No. 10-2002]

## § 55-4. Equality of treatment.

Any municipal officer or employee of the County of Putnam shall treat all members of the public, whether a person, firm, corporation or other organization with equal consideration and without special advantage.

### § 55-5. Suit against County of Putnam.

Nothing herein shall be deemed to bar or prevent the timely filing by a present or former municipal officer or employee of any claim, account, demand or suit against the County of Putnam, or any agency thereof on behalf of himself or herself or any member of his or her family arising out of any personal injury or property damage or for any lawful benefit authorized or permitted by law.

### § 55-6. Testimony.

No municipal officer or employee of the County of Putnam shall decline or refuse to answer any questions specifically or directly related to the performance of his or her official duties before any official, board or agency authorized or empowered to so inquire into the performance of such duties. This section shall not be construed so as to bar any Putnam County officer or employee from exercising his constitutional privileges against self incrimination; however, when such body or agency is wholly civil in nature, failure to cooperate with and diligently answer the inquiries of such board or agency shall constitute grounds for dismissal or removal of said municipal officer or employee.

### § 55-7. Distribution.

The County Executive of the County of Putnam shall cause a copy of this chapter of Ethics, and Article 18 of the General Municipal Law, to be distributed to every officer and employee of the County of Putnam within 30 days after the effective date of this local law. Each officer and employee, elected or appointed thereafter, shall be furnished a copy of the Code of Ethics and Article 18 of the General Municipal Law. The County Executive of the County of Putnam shall cause a copy of this chapter and Article 18 of the General Municipal Law to be kept posted in each public building under the jurisdiction of the County of Putnam.

### § 55-8. Putnam County Board of Ethics.

A.  A Putnam County Board of Ethics is hereby established pursuant to § 808 of Article 18 of the General Municipal Law to be composed of five members appointed by the County Executive of the County of Putnam, subject to confirmation by a simple majority of the Putnam County Legislature. The members may be selected from present or past leaders of local Putnam County civil, religious or educational organizations, as well as the general citizenry, subject to the restrictions contained in § 808, Subdivision (1), of the General Municipal Law. The members of the Putnam County Board of Ethics shall reside in the County of Putnam and shall serve without compensation, at the pleasure of the County Executive.

B.  Powers and duties.

(1)  The Board of Ethics shall have the powers and duties prescribed by Article 18 of the General Municipal Law and shall render advisory opinions to the Municipal Officers and Employees of the County of Putnam with respect to Article 18 of the General Municipal Law.

(2) The Board shall render advisory opinions to the municipal officers and employees with respect to this chapter, such opinion rendered only pursuant to a written request by the municipal officers or employees concerned. The opinions of the Board shall be advisory and confidential and in no event shall the identity of the municipal officer or employee be disclosed.

(3) The Board shall promulgate its own rules and regulations as to its forms and procedures and shall maintain appropriate records of its opinions and proceedings in compliance with applicable state statute.

(4) Advisory opinions regarding this chapter shall be to the person requesting the same. Opinions rendered after a full and fair hearing, and subject to the guaranty of procedural due process shall be forwarded by the Board of Ethics to the County Executive and members of the Putnam County Legislature following the rendering of such opinion.

(5) The Putnam County Board of Ethics shall operate under such rules and regulations in compliance with applicable state statutes, such rules and regulations to guarantee due process and be approved by the Putnam County Attorney.

(6) The Putnam County Board of Ethics shall have such other powers and duties as shall be provided by or pursuant to Article 18 of the General Municipal Law of the State of New York.

C. Legal Counsel. The Putnam County Legislature shall provide the Board of Ethics with the service of counsel when reasonably requested by the Board of Ethics and at the pleasure of the Putnam County Legislature.

## § 55-9. Penalties for offenses.

In addition to any penalties provided under state law, a violation of any of the provisions of this chapter shall constitute cause for fine, suspension or removal from office or employment in the form and manner provided by law.

## § 55-10. Severability; construal with statute.

If any provision of the Code of Ethics should be held by a court of competent jurisdiction to conflict unlawfully with any provision of Article 18 of the General Municipal Law or any other state statute, such provision to the extent of such conflict shall be ineffective, but in all other respects this chapter shall remain in full force and effect. If any provision of this chapter is for any reason held by a court of competent jurisdiction to be invalid, such decision shall not effect the validity and effectiveness of the remaining portions of this chapter.